IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teresa F. Lowery, ) | C/A No. 2:10-227-JFA |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Teresa F. Lowrey, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be reversed and remanded. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff was 38 years old at the time she alleges disability as

3

of April 1, 2000, due to high blood pressure, depression, post traumatic stress disorder (PTSD), and difficulty comprehending and reading. She has a 12th grade education and past work experience as a daycare worker and picture framer.

The plaintiff's application for DIB, filed in February 2004, was denied initially and upon reconsideration. The ALJ held a hearing and issued a decision, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on January 29, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), at step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: high blood pressure, depression, posttraumatic stress disorder, and difficulty comprehending and reading. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal a presumptively disabling impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Listings). After considering all the evidence of record, the ALJ found plaintiff capable of light work, but was limited to simple, routine, repetitive tasks as a non-production pace, with limited interaction with the public. At step four, the ALJ found that plaintiff could not perform her past relevant work. Finally, at step five, the ALJ concluded that, based on vocational expert testimony, plaintiff could perform jobs that existed in significant number in the national economy. Thus, the ALJ concluded that

4

plaintiff was not disabled within the meaning of the Act.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by rejecting the opinions of plaintiff's treating physicians. Specifically, plaintiff argues that the ALJ failed to credit plaintiff with limitations in concentration and stress management. Plaintiff then argues that this failure resulted in the ALJ's decision not to adopt the testimony of the VE at step 5 of the sequential evaluation.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is not based upon substantial evidence or free of legal error and that the decision should be reversed and remanded. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and reverses the Commissioner's decision.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Limitations as to Concentration and Stress*

At the hearing on the merits, the VE testified that the plaintiff could perform jobs such as light hand packager, inspector of small plastics, light potato chips sorter, and light laundry folder. That opinion was based upon a hypothetical question, posed by the ALJ, that did not

contain serious or precise limitations as to concentration and stress.

On cross-examination by the plaintiff's attorney, when asked whether full concentration, attention, and stress problems would have a "negative impact" on the hypothetical claimant's performance of the job listed, the VE responded that it would. Pressed further, the VE determined that the plaintiff would not be able to perform the jobs she had listed if it was determined that she was unable to deal with stress on the job.

The VE's testimony then turned on the pivotal question of whether plaintiff had problems will full concentration and stress while at work. Plaintiff argues that there was evidence to support the inclusion of these limitations in the hypothetical, but the ALJ rejected it. Specifically, plaintiff contends that Dr. Lisa G. Bridgewater and Dr. W. Alton Morris, along with Ms. Marsha Jackson, all indicated in their reports that the plaintiff's attention and concentration were poor. In 2004, Dr. Morris opined that the plaintiff had poor ability to deal with the public, function independently, maintain attention/concentration, and relate predictably in social situations. Dr. Bridgewater made similar observations as to plaintiff's attention and concentration. The third witness, Marsha Jackson, M. Ed., LPC, LMSW, also indicated that the plaintiff had poor ability to deal with work stresses.

The ALJ gave the opinions of Drs. Morris and Jackson little weight which is the reason that his hypothetical to the VE did not include the limitations as to stress and concentration. In doing so, the ALJ first concluded that the opinions of these two doctors were not supported by their own contemporaneous treatment notes, a proposition that is not seriously challenged by the plaintiff in this action. Secondly, the ALJ concluded that the opinions of Drs. Morris and Jackson were inconsistent with those of Dr. Gross who

6

performed an October 2004 neuropsychological evaluation. Dr. Gross determined that the plaintiff could perform any job that did not involve mathematics, reading, or details.

The Commissioner argues that Dr. Gross's opinion, and consequently, the ALJ's reliance thereon, have a clinical and evaluative footing. Plaintiff responds persuasively that Dr. Gross' opinion actually reflected significant symptoms of clinical depression and difficulty with stress, both of which were ignored by the ALJ. Specifically, the plaintiff's score on the Geriatric Depression Scale (GDS) was in the severe range. Dr. Gross' diagnosis of the plaintiff was major depressive disorder, moderately severe; recurrent anxiety, severe; reading and math disorders; and dyslexia. Dr. Gross believed that psychotherapy for at least four months was called for in the plaintiff's case.

On this record, the Magistrate Judge suggests that the ALJ parsed the opinion of Dr. Gross too thinly. While it is true that Dr. Gross indicated that plaintiff could work any job not involving mathematics or reading, Dr. Gross also indicated that the plaintiff should not attempt to work until she was less depressed. Thus, in the opinion of the Magistrate Judge, there was no real conflict between the testimony of Dr. Gross and that of Dr. Morris and Marsha Jackson. The Magistrate Judge recommends that the question is close enough to consider a possible outright reversal, but then determines that the better course of action is to remand the case so that Dr. Gross' evaluations can be properly considered and compared to those of the other medical professionals on the other side of the case.

*The Commissioner's Objections to the Report*

The court has conducted the required de novo review of the Commissioner's objections, and finds that they all involve reassertions of the arguments made to, and rejected

7

by, the Magistrate Judge to whom this matter was initially referred. After thoroughly canvassing the record and considering the entirety of the Report and the Commissioner's objections, this court is left with the firm conviction that the Magistrate Judge's recommended disposition is correct.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the decision of the Commissioner is reversed and remanded for further proceedings as set forth herein.

IT IS SO ORDERED.

September 19, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge